ANISHA DASGUPTA, General Counsel
MILES D. FREEMAN, Cal. Bar No. 299302
mfreeman@ftc.gov
KARINA A. LAYUGAN, Cal. Bar No. 302049
klayugan@ftc.gov
CARLA L. CHEUNG, Cal. Bar No. 291562
ccheung1@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for Plaintiff Federal Trade Commission*

*[additional counsel appear on next page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.,*<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GREEN EQUITABLE SOLUTIONS, *et al.,*<br><br>　　　　　Defendants. | Case No.  2:22-cv-6499-FLA-MARx<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT ROGER SCOTT DYER'S AFFIRMATIVE DEFENSES AND CROSSCLAIM**<br><br>*[Declaration of Taylor Steinbacher filed concurrently herewith]*<br><br>**Hearing Date:** February 24, 2023<br>**Time:** 1:30 PM<br>**Place:** Courtroom 6B |

CLOTHILDE V. HEWLETT, Commissioner
MARY ANN SMITH, Deputy Commissioner
SEAN M. ROONEY, Assistant Chief Counsel
TAYLOR STEINBACHER, Cal. Bar No. 285335
Taylor.Steinbacher@dfpi.ca.gov
LOUIS LAVERONE, Cal. Bar No. 296990
Louis.Laverone@dfpi.ca.gov
Department of Financial Protection and Innovation
320 West 4th Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 576-7500
Facsimile: (213) 576-7181

*Attorneys for Plaintiff California Department of
Financial Protection and Innovation*

# NOTICE OF MOTION

## TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Federal Trade Commission and the California Department of Financial Protection and Innovation (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(f), respectfully move this Court for an Order striking affirmative defenses numbered 1-2, 4-12, and 14 and a crossclaim from the Answer of Defendant Roger Scott Dyer ("Dyer").

As set forth herein, Dyer, through counsel, filed an Answer to Plaintiff's First Amended Complaint ("FAC") on November 21, 2022.  (Dkt. 63.)  Plaintiffs met and conferred with Dyer's counsel regarding the potential for filing the instant motion.  As a result of the parties' meet and confer efforts, counsel for Dyer agreed to seek leave to file an Amended Answer withdrawing certain affirmative defenses and the crossclaim and, once granted, to file Dyer's Amended Answer. (Declaration of Taylor Steinbacher ("Steinbacher Decl."), ¶¶ 3-5.)  Counsel for Dyer submitted a stipulation to the Court seeking such leave to file an Amended Answer.  (Dkt. 80.)  However, on December 16, 2022, before the Amended Answer was filed, Dyer's counsel moved to withdraw; the Court granted that motion on December 21, 2022.  (Dkts. 86, 95.)

Also on December 21, 2022, the Court set a deadline of January 9, 2023, for Dyer, now appearing *pro se*, to file an Amended Answer.  (Dkt. 97.)  That date has now passed, and Dyer has not filed an Amended Answer—the affirmative defenses and crossclaim in Dyer's original answer still appear to be operative and are subject to strike.

This motion is made following the conference of Plaintiff's counsel and Dyer's counsel, pursuant to Local Rule 7-3, on December 1 and 5, 2022.  After Dyer began to represent himself in this matter *pro se*, Plaintiffs' counsel attempted to contact Dyer to discuss matters relating to this case, including the issues

-i-

1  surrounding this motion, several times by telephone and e-mail between

2  December 21, 2022 and January 18, 2022, but he has not responded.  (Steinbacher

3  Decl., ¶¶ 4-6, 12-13, 15-18.)  Plaintiffs e-mailed Dyer to continue the meet and

4  confer process that began with his previous counsel about the filing of the instant

5  motion on January 13, 2023.  (*Id.*, ¶ 15.)  Plaintiffs have allowed seven days to

6  pass with no response from Dyer before filing the instant motion.

7

8  Dated:  January 20, 2023                          Respectfully submitted,

9

10  /s/ Karina A. Layugan                            /s/ Taylor Steinbacher
    MILES D. FREEMAN                                 TAYLOR STEINBACHER
11  mfreeman@ftc.gov                                 Taylor.Steinbacher@dfpi.ca.gov
    KARINA A. LAYUGAN                                LOUIS LAVERONE
12  klayugan@ftc.gov                                 Louis.Laverone@dfpi.ca.gov
    CARLA L. CHEUNG                                  California Department of Financial
13  ccheung1@ftc.gov                                 Protection & Innovation
    Federal Trade Commission                         320 West 4th Street, Suite 750
14  10990 Wilshire Boulevard, Suite 400              Los Angeles, CA 90013
    Los Angeles, CA 90024                            Tel: (213) 576-7500
15  Tel: (310) 824-4300                              Fax: (213) 576-7181
    Fax: (310) 824-4380
16

17  *Attorneys for Plaintiff Federal Trade*          *Attorneys for Plaintiff California*
    *Commission*                                     *Department of Financial Protection &*
18                                                   *Innovation*

19

20

21

22

23

24

25

26

27

28

-ii-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................1

II.   FACTUAL BACKGROUND...............................................................................2

III.  PROCEDURAL HISTORY ................................................................................2

IV.   LEGAL STANDARD..........................................................................................4

V.    ARGUMENT.......................................................................................................4

   A.   Dyer's Affirmative Defenses Nos. 1-2, 4-12, And 14 Are Inappropriate And Inapplicable .................................................................................................4

     1.    Affirmative Defenses Nos. 4, 8, And 14 Are Generally Unavailable In Government Civil Enforcement Actions .........................................................5

     2.    Affirmative Defense No. 6 Does Not Meet The Heightened Pleading Requirements And Is Not Available In Government Civil Enforcement Actions ..............................................................................................................6

     3.    Affirmative Defenses Nos. 1-2 Are Grounded In Tort And This Is Not A Tort Case .........................................................................................................6

     4.    Affirmative Defenses Nos. 5, 7, 9-10, And 12 Are Grounded In Contract And This Is Not A Contract Case .....................................................................7

     5.    Affirmative Defense No. 11 Must Be Stricken Because No Applicable Judgments Exist ..............................................................................................8

   B.   Dyer's Affirmative Defenses Nos. 1-2, 4-12, and 14 Are Also Subject To Strike As Inadequately Pled........................................................................9

   C.   Dyer's Crossclaim For Equitable Indemnification Against His Co-Defendant Nabati Is Inappropriate Here.................................................................9

VI.   CONCLUSION..................................................................................................11

# TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. McCurry*
    449 U.S. 90 (1980) ...................................................................................10

*California ex rel. State Lands Com. v. United States*
    512 F. Supp. 36 (N.D. Cal. 1981) ...............................................................4

*CFPB v. Nationwide Biweekly Admin., Inc.*
    No. 15-CV-02106, 2016 WL 2961868 .........................................................4

*FDIC v. Butcher*
    660 F. Supp. 1274 (E.D. Tenn. 1987) .........................................................4

*FTC v. Adept Mgmt., Inc.*
    2017 WL 1055959 (D. Or. Mar. 20, 2017) ................................................12

*FTC v. Am. Evoice, Ltd.*
    2016 WL 7165904 (D. Mont. Aug. 9, 2016) ..........................................7, 13

*FTC v. Com. Planet, Inc.*
    2010 WL 11673795 (C.D. Cal. July 6, 2010) ..............................................6

*FTC v. Elec. Payment Sols. of Am. Inc.*
    2018 WL 3648409 (D. Ariz. Aug. 1, 2018) ................................................9

*FTC v. Fed. Loan Modification L. Ctr., LLP*
    2009 WL 10675900 (C.D. Cal. Aug. 11, 2009) ..........................................8

*FTC v. Hang-Ups Art Enterprises, Inc.*
    1995 WL 914179 (C.D. Cal. Sept. 27, 1995) ............................................12

*FTC v. Moneymaker*
    2011 WL 3290379 (D. Nev. July 28, 2011) ................................................6

*FTC v. N. Am. Mktg. & Assocs., LLC*
    2012 WL 5034967 (D. Ariz. Oct. 18, 2012) ..............................................11

*FTC v. Noland*
   2020 WL 5632123 (D. Ariz. Sept. 21, 2020) ...................................................12

*FTC v. OMICS Grp. Inc.*
   2017 WL 6806802, (D. Nev. Dec. 15, 2017) ....................................................6

*FTC v. Sw. Sunsites*, *Inc.*
   1988 WL 94519 (C.D. Cal. Apr. 5, 1988) .......................................................12

*FTC v. Universal Premium Services, Inc.*
   2006 WL 8442141 (C.D. Cal. Sept. 19, 2006) ...............................................9, 10

*FTC v. Vemma Nutrition Co.*
   2016 WL 3548762 (D. Ariz. June 30, 2016) ....................................................7

*INS v. Hibi*
   414 U.S. 5 (1973) .............................................................................................5

*Moreno v. Corr. Healthcare Companies, Inc.*
   2019 WL 10733237 (E.D. Wash. Aug. 5, 2019) .............................................8

*Operating Engineers' Pension Trust Fund v. Fife Rock Prods. Co.*
   2010 WL 2635782 (N.D. Cal. June 30, 2010).................................................7

*Pozez v. Ethanol Cap. Mgmt., LLC*
   2012 WL 12871197 (D. Ariz. Oct. 26, 2012)..................................................8

*Rosen v. Masterpiece Mktg. Grp.*, LLC
   222 F. Supp. 3d 793 (C.D. Cal. 2016) ....................................................... 10, 11

*SEC v. Nat'l Student Mktg. Corp.*
   59 F.R.D. 305 (D.D.C. 1973)........................................................................1, 12

*Tiller v. Atl. C. L. R. Co.*
   318 U.S. 54 (1943)...........................................................................................7

*United States v. Menatos*
   925 F.2d 333 (9th Cir. 1991) ..........................................................................6

*Watkins v. U.S. Army*
   875 F.2d 699 (9th Cir. 1989) ..........................................................................5, 6

1

**Rules**

2

Federal Rule of Civil Procedure 12(f) ....................................................................4

3

**Treatises**

4

Williston on Contracts § 7:11 (2008) ....................................................................7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs Federal Trade Commission ("FTC") and the California Department of Financial Protection and Innovation (together, "Plaintiffs") submit this motion pursuant to Federal Rule of Civil Procedure 12(f) to strike affirmative defenses numbered 1-2, 4-12, and 14, and a crossclaim for equitable indemnification, asserted by Defendant Roger Scott Dyer ("Dyer") in his Answer to Plaintiffs' First Amended Complaint ("FAC").  The Court should strike these affirmative defenses and the crossclaim.

First, many of Dyer's affirmative defenses are grounded in tort (e.g., assumption of risk, negligence) or contract (e.g., failure of consideration, fraud, illegality, payment, release, statute of frauds) and simply do not apply in this government enforcement action.  Still others, while potentially applicable to litigation between private parties, generally cannot be asserted against the government agencies in this action.

Second, the affirmative defenses at issue are conclusory, insufficiently pled, and fail to give "fair notice" to the Plaintiffs, including the nature and the grounds of the affirmative defenses.  For these reasons, Dyer's affirmative defenses numbered 1-2, 4-12, and 14 should be stricken.

Third, Dyer's crossclaim for equitable indemnification against his co-defendant Michael Robin Nabati ("Nabati") should also be stricken.  Courts have repeatedly rejected efforts by private litigants to tack on crossclaims against co-defendants or third parties in government enforcement actions due to the "delay, confusion, and complexity they introduce." *SEC v. Nat'l Student Mktg. Corp.*, 59 F.R.D. 305, 307 (D.D.C. 1973).

///

///

///

-1-

## II.   FACTUAL BACKGROUND

As set forth in greater detail in Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and the FAC, Defendants operate a mortgage assistance relief services scam.  (Dkt. 9 at 2-6; Dkt. 43 at ¶¶ 19-57.)  Defendants promise consumers that they can lower the interest rates and principal balances of their home mortgage loans.  (*Id.*)  In exchange, Defendants direct the consumer to make monthly payments to the Defendants for at least several months while Defendants purportedly "process" the consumer's mortgage assistance relief application.  (*Id.*)  In reality, Defendants very rarely obtain any mortgage assistance relief for the consumer, and when they do, they do not obtain the interest rate and principal balance reduction originally promised.  (*Id.*)  Based on information received to date, Plaintiffs believe that Defendants' conduct has harmed thousands of consumers and resulted in millions of dollars in ill-gotten gains for the Defendants and their associates.  (Dkt. 9 at 6; Dkt. 43 at ¶ 3.)

## III.   PROCEDURAL HISTORY

Plaintiffs filed this action on September 12, 2022, alleging that Defendants' mortgage assistance relief services scam violates federal and state laws.  (Dkt. 1.)  On September 14, 2022, the Court entered a temporary restraining order against Dyer and the other defendants named in the Complaint.  (Dkt. 25.)  On September 29, 2022, the Court entered a preliminary injunction against Dyer and the other Defendants named in the Complaint.  (Dkt. 40.)  On October 28, 2022, Plaintiffs filed the FAC, naming additional defendants, including Nabati. (Dkt. 43.)

On November 21, 2022, Dyer, through counsel, filed an Answer to the FAC ("Answer").  (Dkt. 63.)  The Answer asserts fifteen affirmative defenses and asserts a crossclaim for equitable indemnification against Dyer's co-defendant, Nabati.

1        On December 1, 2022, counsel for Plaintiffs sent a detailed letter outlining

2  why certain affirmative defenses and the crossclaim in Dyer's answer should be

3  stricken.  (Declaration of Taylor Steinbacher ("Steinbacher Decl."), at ¶ 3.)  After

4  meeting and conferring with counsel for the Plaintiffs, on December 8, 2022,

5  counsel for Dyer submitted a stipulation to the Court in which Dyer would file an

6  Amended Answer omitting certain affirmative defenses and the crossclaim.  (*Id.*,

7  ¶¶ 4-6; *see also* Dkt. 80.)  However, on December 16, 2022, before the Amended

8  Answer was filed, Dyer's counsel moved to withdraw; the Court granted that

9  motion on December 21, 2022.  (Dkts. 86, 95.)[1]

10        Also on December 21, 2022, the Court set a deadline of January 9, 2023, for

11  Dyer, now appearing *pro se*, to file an Amended Answer.  (Dkt. 97.)  That date has

12  now passed, and Dyer has not filed an Amended Answer—the affirmative defenses

13  and crossclaim in Dyer's Answer still appear to be operative and should be stricken

14  for the reasons stated herein.[2]

15

16  ───────────────

17  [1] On December 20, 2022, after the request to withdraw was filed but before it was
granted, counsel for Plaintiffs e-mailed Dyer's former counsel asking if they would

18  honor their past commitment to file an Amended Answer on Dyer's behalf.
(Steinbacher Decl., ¶ 8.)  Shortly after the Court granted Dyer's now-former

19  counsel's request to withdraw, counsel for Plaintiffs followed up about this.  (*Id.*,

20  ¶ 11.)  This correspondence went unanswered.  (*Id.*)

21  [2] Notably, since becoming *pro se*, Dyer has not meaningfully participated in or

22  defended himself in this action.  For example, Dyer failed to respond to Plaintiffs'
attempts to meet and confer regarding the filing of this motion.  (Steinbacher Decl.,

23  ¶¶ 12-13; 15.)  Dyer failed to participate in the Rule 26(f) Conference or the

24  drafting of the parties' Rule 26(f) Report.  (*See* Joint Rule 26(f) Report (Dkt. 112)

25  fn. 1.)  Dyer has also failed to provide his Initial Disclosures to the parties, as
required by Rule 26(a).  (Steinbacher Decl., ¶ 18.)  And several other

26  communications to Dyer about this case have gone without reply.  (Steinbacher

27  Decl., ¶ 16.)  Per the Court's Order Setting Scheduling Conference (Dkt. 78),
Plaintiffs will request that the Court strike Dyer's Answer in its entirety and seek

28  entry of his default if he does not begin to participate in this matter, forthwith.

-3-

## IV.   LEGAL STANDARD

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  While motions to strike are disfavored, especially when "ruling on such a motion will not significantly affect the scope of the litigation," *CFPB v. Nationwide Biweekly Admin., Inc.*, No. 15-CV-02106, 2016 WL 2961868, at *5 (N.D. Cal. May 23, 2016), they are appropriate when "the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action." *California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).  They "should be granted where the defenses to be stricken are insufficient as a matter of law, immaterial, in that they have no essential or important relationship to the claim for relief … or are impertinent in that the matter consists of statements that do not pertain, and are not necessary, to the issues in question." *FDIC v. Butcher*, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987) (citations omitted).[3]

## V.   ARGUMENT

### A.   Dyer's Affirmative Defenses Nos. 1-2, 4-12, And 14 Are Inappropriate And Inapplicable

Several of Dyer's affirmative defenses are subject to strike because they are simply inappropriate for, and inapplicable to, this government enforcement action.

---

[3] As noted above, Dyer has now missed the January 9, 2023, deadline to file his Amended Answer by several days.  On January 13, 2023, Plaintiffs e-mailed Dyer to continue the meet and confer process that began with his previous counsel about the filing of the instant motion. (Steinbacher Decl., ¶ 15.)  Pursuant to Local Rule 7-3, Plaintiffs have allowed seven days to pass with no response from Dyer before filing the instant motion. (*Id.*)  Even assuming this motion is untimely—which Plaintiffs contend it is not in light of the unique circumstances here—the Court still retains the power to strike a pleading *sua sponte*.  Fed. R. Civ. P. 12(f)(1) (stating that courts may strike a pleading "on its own").

**1.  Affirmative Defenses Nos. 4, 8, And 14 Are Generally
Unavailable In Government Civil Enforcement Actions**

**Affirmative Defenses #4 and #14 - Waiver/Estoppel** – Waiver and estoppel are generally not available against a government agency in a civil suit to enforce a public right or to protect a public interest.  *INS v. Hibi*, 414 U.S. 5, 8 (1973).  While the Ninth Circuit has held that the government may be estopped in some limited circumstances, *Watkins v. U.S. Army*, 875 F.2d 699, 706 (9th Cir. 1989) (en banc), it is well-settled that the government may not be estopped on the same terms as a private litigant.  A party wishing to use traditional estoppel against the government must also establish:  (1) affirmative misconduct going beyond mere negligence on the part of the government; and (2) that the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability.  *Id.* at 707.  No such showing has been made, or even alleged in the Answer, nor could one plausibly be made here. *See FTC v. OMICS Grp. Inc.*, 2017 WL 6806802, at *3 (D. Nev. Dec. 15, 2017) (dismissing laches, waiver, and estoppel affirmative defenses).

**Affirmative Defense #8- Laches** – Similar to waiver and estoppel, the Ninth Circuit has repeatedly held that "[t]he government is not subject to the defense of laches when enforcing its rights." *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) (superseded by statute on other grounds).  As such, numerous courts have stricken laches defenses asserted in government enforcement actions as inappropriate.  *FTC v. Moneymaker*, 2011 WL 3290379, at *2 (D. Nev. July 28, 2011); *OMICS Grp.*, 2017 WL 6806802, at *3 (dismissing laches affirmative defense); *FTC v. Com. Planet, Inc.*, 2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) (same).

///

///

///

**2. Affirmative Defense No. 6 Does Not Meet The Heightened Pleading Requirements And Is Not Available In Government Civil Enforcement Actions**

**Affirmative Defense #6 - Fraud** – This affirmative defense should be stricken for two reasons. <u>First</u>, it fails to state with particularity the circumstances constituting the alleged fraud. *Operating Engineers' Pension Trust Fund v. Fife Rock Prods. Co.*, 2010 WL 2635782, at *4 (N.D. Cal. June 30, 2010) ("The Court agrees with plaintiffs that defendants 'must state with particularity the circumstances constituting fraud' and that defendants have not done so.") (citations omitted). <u>Second</u>, to the extent that this affirmative defense is seeking to shift liability to a third party, that would be impermissible in this public interest enforcement action. *See FTC v. Am. Evoice, Ltd.*, 2016 WL 7165904, at *3 (D. Mont. Aug. 9, 2016) ("[I]t is unlikely [defendant] could transfer his liability in a federal civil enforcement action to third-parties—to the extent the FTC's claims sound in fraud and deceptive practices, [defendant] would not be entitled to indemnification.").

**3. Affirmative Defenses Nos. 1-2 Are Grounded In Tort And This Is Not A Tort Case**

**Affirmative Defense #1 - Assumption of Risk** – Assumption of the risk is a defense sounding in tort. *See Tiller v. Atl. C. L. R. Co.*, 318 U.S. 54, 58–61 (1943) (analyzing the assumption of risk defense against the master-servant tort doctrine). But this is not a tort case. Furthermore, there is no plausible set of facts in which the Dyer can argue that the government agencies bringing this case assumed any risk that would mitigate his liability. Accordingly, this affirmative defense should be stricken. *FTC v. Vemma Nutrition Co.*, 2016 WL 3548762, at *2 (D. Ariz. June 30, 2016) (striking affirmative defense of assumption of risk).

**Affirmative Defense #2 - Contributory or Comparative Negligence** – Contributory and comparative negligence are affirmative defenses sounding in tort.

*See, e.g., Moreno v. Corr. Healthcare Companies, Inc.*, 2019 WL 10733237, at \*2
(E.D. Wash. Aug. 5, 2019) (affirmative defenses of comparative fault and
contributory negligence are based in tort).  But this is not a tort action.  Moreover,
affirmative defenses asserting the fault of others that do not identify the factual
basis for the defense should be stricken.  *FTC v. Fed. Loan Modification L. Ctr.,
LLP*, 2009 WL 10675900, at \*1 (C.D. Cal. Aug. 11, 2009) (striking affirmative
defense of "fault of others" where defendants "make only a vague reference to the
conduct, fault, and negligence of other persons or entities").  And there is no
plausible set of facts in which Dyer can argue that the government agencies
bringing this case were contributorily or comparatively negligent.  Accordingly,
this affirmative defense should be stricken.

### 4. Affirmative Defenses Nos. 5, 7, 9-10, And 12 Are Grounded In Contract And This Is Not A Contract Case

**Affirmative Defense #5 - Failure of Consideration** – "A failure of
consideration occurs when there is a valid contract, but due to some reason, one
party fails to perform their responsibilities under the contract." *Pozez v. Ethanol
Cap. Mgmt., LLC*, 2012 WL 12871197, at \*1 (D. Ariz. Oct. 26, 2012) (citing
Williston on Contracts § 7:11 (2008)).  Here, the FAC does not allege that
defendants breached a contract with the Plaintiffs such that this affirmative
defense would be applicable.  And Dyer does not identify any particular contract
for which Plaintiffs have failed to provide the required consideration.
Accordingly, this affirmative defense should be stricken.  *See FTC v. Elec.
Payment Sols. of Am. Inc.*, 2018 WL 3648409, at \*7 (D. Ariz. Aug. 1, 2018)
(striking failure of consideration defense after defendant did not respond to
motion to strike).

**Affirmative Defense # 7 - Illegality** – This affirmative defense claims that
Dyer's "performance under [his] contracts became illegal to perform; thus [he]
should be excused from further performance."  But as with the affirmative

1   defenses of payment and release, below, this affirmative defense is subject to

2   strike because this is not a contract case.  Moreover, Plaintiffs' claims in this case

3   are totally independent of any contractual claims that could be applicable to the

4   customers that were defrauded.  *See FTC v. Universal Premium Services, Inc.,*

5   2006 WL 8442141, at *2-3 (C.D. Cal. Sept. 19, 2006).  And Dyer's Answer does

6   not identify what specific contract he should be excused from performing, or why

7   this defense has any relevance to this government enforcement action brought in

8   the public's interest.  Accordingly, this affirmative defense should be stricken.

9           **Affirmative Defenses #9 and #10 – Payment and Release** – The

10  affirmative defenses of payment and release are subject to strike.  As stated above,

11  this is not a contract case; Plaintiffs' claims are totally independent of any

12  contractual claims that could be applicable to the customers that were defrauded as

13  part of the Defendants' scheme.  *See Universal Premium Servs.,* 2006 WL

14  8442141, at *2-3 (striking claims for payment and release).

15          **Affirmative Defense #12 - Statute of Frauds** – This affirmative defense

16  claims that the "Statute of Frauds" bars the plaintiff agencies from bringing this

17  complaint but sets forth no other facts demonstrating how the statute of frauds

18  could apply.  Defenses that are mere recitations of legal doctrines devoid of any

19  factual allegations do not provide fair notice and are subject to strike.  *Rosen v.*

20  *Masterpiece Mktg. Grp.*, LLC, 222 F. Supp. 3d 793, 804-805 (C.D. Cal. 2016) at

21  804–05.  Moreover, as previously discussed, this is not a contract action for which

22  the Statute of Frauds could possibly apply.

23          **5.   Affirmative Defense No. 11 Must Be Stricken Because No**

24                  **Applicable Judgments Exist**

25          **Affirmative Defense #11 - Res Judicata** – Res judicata bars relitigation of

26  the same cause of action between the same parties where there is a prior judgment.

27  *Allen v. McCurry*, 449 U.S. 90 (1980).  Thus, this affirmative defense turns on

28  whether the plaintiffs brought suit or attained judgment against any of the

1  defendants. *Universal Premium Servs.,* 2006 WL 8442141, at \*4-5.  Dyer

2  identifies no such lawsuits or judgments against him, and Plaintiffs are unaware of

3  any such prior lawsuits involving the same claims and parties.  Accordingly, this

4  affirmative defense should be stricken. *See id.* (striking res judicata affirmative

5  defense).

6        In sum, Plaintiffs request the Court strike Dyer's affirmative defenses

7  numbered 1-2, 4-12, and 14 as inappropriate for, and inapplicable to, this

8  government enforcement action.

9        **B.    Dyer's Affirmative Defenses Nos. 1-2, 4-12, and 14 Are Also**

10             **Subject To Strike As Inadequately Pled**

11       As discussed above, Dyer's affirmative defenses are conclusory and are

12  insufficiently pled.  Defendants pleading affirmative defenses must provide "fair

13  notice" of the affirmative defense, which "requires that the defendant state the

14  nature and grounds for the affirmative defense." *FTC v. N. Am. Mktg. & Assocs.,*

15  *LLC*, 2012 WL 5034967, at \*1 (D. Ariz. Oct. 18, 2012) (citations omitted).  In the

16  absence of such fair notice pleading, it is impossible for Plaintiffs to evaluate or

17  respond appropriately to Dyer's assertions.  Thus, Dyer's failure to plead any facts

18  or grounds in support of these defenses is reason alone to strike them. *See Rosen* at

19  804-805 ("Standing alone, these defenses are mere recitations of legal doctrines

20  devoid of any factual allegations, and as such, they fail to provide 'fair notice' to

21  Plaintiff."); *N. Am. Mktg.*, 2012 WL 5034967, at \*1 (striking affirmative defenses

22  that "contain no reference to supporting facts . . . and thus provide no notice

23  concerning the basis of the defenses.").

24       **C.    Dyer's Crossclaim For Equitable Indemnification Against His Co-**

25             **Defendant Nabati Is Inappropriate Here**

26       Dyer also asserts a crossclaim against his co-defendant Nabati for equitable

27  indemnification.  Dyer's Answer alleges that, among other things, he worked under

28  Nabati's direction and control and that Nabati hired him to file complaints against

1    mortgage companies.  (Answer at ¶¶ 136-37.)  Because of this, Dyer claims that

2    Nabati is liable to him for all the claims asserted by the Plaintiffs in this action.

3    (*Id.* at ¶ 143.)

4          But courts have repeatedly rejected attempts by defendants to interpose

5    crossclaims or third-party claims like Dyer's in government enforcement actions

6    such as this.  "Where suit is brought by the government to enforce the law, public

7    [] policy militates against the pendency of private claims and the concomitant

8    delay, confusion and complexity they introduce."  *SEC v. Nat'l Student Mktg.*

9    *Corp.* at 307; see also *FTC v. Noland*, 2020 WL 5632123, at *4 (D. Ariz. Sept. 21,

10   2020) (noting that there is an unbroken line of cases stating that the Rule 19(a)

11   joinder rules cannot "be invoked by a defendant in an enforcement proceeding

12   brought by an administrative agency" such as the FTC).  More specifically, courts

13   have rejected indemnification theories in enforcement cases bought by the FTC.

14   "Defendants cannot indemnify themselves or seek contribution in a fraud case

15   brought by the FTC . . . and permitting the defendants to prosecute their own

16   private claims alongside the FTC would unnecessarily complicate and delay

17   fulfillment of the agency's role."  *FTC v. Adept Mgmt., Inc.*, 2017 WL 1055959,

18   at *4 (D. Or. Mar. 20, 2017); s*ee also FTC v. Sw. Sunsites*, *Inc.*, 1988 WL 94519,

19   at *3 (C.D. Cal. Apr. 5, 1988) (rejecting contribution claim against third-party in

20   FTC consumer redress action).  As one court has recognized, allowing crossclaims

21   for indemnity would "decimate the FTC's ability to obtain consent orders if the

22   offending party could also be subject to an indemnity claim."  *FTC v. Hang-Ups*

23   *Art Enterprises, Inc.*, 1995 WL 914179, at *2 (C.D. Cal. Sept. 27, 1995) (agreeing

24   with reasoning of *Southwest Sunsites* and rejecting an indemnity crossclaim under

25   the same reasoning).  And as discussed above, courts have also rejected attempts

26   by defendants to transfer their liability in government enforcement cases to third

27   parties.  *See Am. Evoice, Ltd.*, 2016 WL 7165904, at *3.

28

1    The reasoning behind these cases is equally applicable here.  Allowing Dyer

2  to assert a crossclaim against Nabati here would unnecessarily complicate this

3  matter and potentially delay, or even prevent, the provision of much-needed

4  consumer redress.[4]

5    Accordingly, the Court should strike the crossclaim asserted by Dyer against

6  Nabati in his Answer.

7  **VI.    CONCLUSION**

8    For the reasons stated above, Plaintiffs respectfully request that the Court

9  strike affirmative defenses numbered 1-2, 4-12, and 14, and the crossclaim for

10  equitable indemnification, from Dyer's Answer.

11  Dated:  January 20, 2023                    Respectfully submitted,

12

13  */s/ Karina A. Layugan*                     */s/ Taylor Steinbacher*
    MILES D. FREEMAN                            TAYLOR STEINBACHER
    mfreeman@ftc.gov                            Taylor.Steinbacher@dfpi.ca.gov
14  KARINA A. LAYUGAN                           LOUIS LAVERONE
    klayugan@ftc.gov                            Louis.Laverone@dfpi.ca.gov
15  CARLA L. CHEUNG                             California Department of Financial
    ccheung1@ftc.gov                            Protection & Innovation
16  Federal Trade Commission                    320 West 4th Street, Suite 750
    10990 Wilshire Boulevard, Suite 400         Los Angeles, CA 90013
17  Los Angeles, CA 90024                       Tel: (213) 576-7500
    Tel: (310) 824-4300                         Fax: (213) 576-7181
18  Fax: (310) 824-4380

19                                              *Attorneys for Plaintiff California*
    *Attorneys for Plaintiff Federal Trade*     *Department of Financial Protection &*
20  *Commission*                                *Innovation*

21

22

23

24

25

26  [4] Notably, Nabati's Answer also asserts two crossclaims against Dyer:  (1) for
    violation of Penal Code sections 632 and 637.2; and (2) for equitable indemnity—
27  Nabati has demanded a jury trial on these issues.  (*See* Dkt. 107.)  Plaintiffs are
    currently meeting and conferring with counsel for Nabati regarding, among other
28  things, their contention that this crossclaim should also be stricken.  (*See* Dkt. 121.)

-11-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION OF CONCURRENCE**

Pursuant to Local Rule 5-4.3.4(a)(2), I, Taylor Steinbacher, attest that all other signatories concur in the content of the foregoing document and authorize its filing.

Dated:  January 20, 2023                    Respectfully submitted,

                                            */s/ Taylor Steinbacher*
                                            TAYLOR STEINBACHER
                                            California Department of Financial
                                            Protection & Innovation
                                            320 West 4th Street, Suite 750
                                            Los Angeles, CA 90013
                                            Tel: (213) 576-7500
                                            Fax: (213) 576-7181
                                            *Attorneys for Plaintiff California
                                            Department of Financial Protection &
                                            Innovation*

-12-