Michael G. Freedman (State Bar No. 281279)
THE FREEDMAN FIRM PC
10100 Santa Monica Blvd., Suite 300
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile:  (310) 425-8845
Email: Michael@thefreedmanfirm.com

Sara Azari (SBN 237987)
LAW OFFICE OF SARA AZARI, APC
333 S. Hope Street, Suite 4000
Los Angeles, California 90071
Telephone: (213) 622-5000
Facsimile: (213) 254-0555
Email: sara@azarilaw.com

*Attorney for Defendant MICHAEL ROBIN NABATI and Relief Defendant MOSTCAP ENTERPRISES CORP.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN EQUITABLE SOLUTIONS, et al.,<br><br>Defendants.<br><br>MICHAEL ROBIN NABATI,<br><br>Crossclaim Plaintiff, | Case No.: 2:22-cv-6499-FLA-MARx<br><br>**DEFENDANT MICHAEL ROBIN NABATI'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES AND CROSSCLAIMS (ECF 145)**<br><br>Hearing Date: March 24, 2023<br>Time: 1:30 PM<br>Place: Courtroom 6B |

v.

DOMINIC AHIGA, ROGER SCOTT DYER, ELENY MAGANA, BIANCA VASQUEZ, AND ROES 1 THROUGH 10, INCLUSIVE, et al.,

      Crossclaim Defendants.

OPPOSITION TO MOTION TO STRIKE (ECF 145)

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 6

II. PROCEDURAL BACKGROUND ............................................................. 8

III. LEGAL STANDARD ................................................................................. 8

IV. ARGUMENT ............................................................................................... 9

   A. Affirmative Defenses 2-4 And 15 Are Legally Viable And Should Not Be Stricken. ................................................................................................. 9

   B. Affirmative Defenses 5 And 9 Are Legally Viable And Should Not Be Stricken. ............................................................................................... 11

   C. Nabati's Crossclaims Are Legally Viable And Should Not Be Stricken. ............ 12

V. CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Brewer v. Indymac Bank*,
    609 F. Supp. 2d 1104 (E.D. Cal. 2009) .......................................................... 9

*Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069 (9th Cir. 2016) ................................................................................................................10

*Davis v. Hollywood & Ivar, LLC*,
    No. 221CV01235VAPJPRX, 2021 WL 4816823 (C.D. Cal. Aug. 30, 2021).. 9

*Fed. Deposit Ins. Corp. v. Main Hurdman*,
    655 F. Supp. 259 (E.D. Cal. 1987) ..................................................... 6, 7, 9, 12

*FTC v. Adept Mgmt., Inc.*,
    No. 1:16-CV-00720-CL, 2017 WL 1055959 (D. Or. Mar. 20, 2017) .............14

*FTC v. Affiliate Strategies, Inc.*,
    No. 09-4104-JAR, 2010 WL 11470103 (D. Kan. June 8, 2010) ....................12

*FTC v. Bronson Partners*,
    No. 3:04CV1866(SRU), 2006 WL 197357 (D. Conn. Jan. 25, 2006) ........6, 12

*FTC v. Directv, Inc.*,
    No. 15-CV-01129-HSG, 2015 WL 9268119 (N.D. Cal. Dec. 21, 2015) ........11

*FTC v. Golden Empire Mortg., Inc.*,
    No. CV 09-3227 CAS (RCX), 2009 WL 4798874 (C.D. Cal. Dec. 10, 2009)...
    ..........................................................................................................................6, 10

*FTC v. Hang-Ups Art Enterprises, Inc.*,
    No. CV 95-0027 RMT(JGX), 1995 WL 914179 (C.D. Cal. Sept. 27, 1995)..14

*FTC v. Lights of Am. Inc.*,
    No. SACV 10-1333 JVS (MLGx), 2011 WL 13308569 (C.D. Cal. Apr. 29, 2011) ....................................................................................................6, 8, 9, 11

*FTC v. Sw. Sunsites, Inc.*,
    No. CV 87-6312-WMB, 1988 WL 94519 (C.D. Cal. Apr. 5, 1988) ...............14

*FTC v. Vemma Nutrition Co.*,

4

OPPOSITION TO MOTION TO STRIKE (ECF 145)

No. CV-15-01578-PHX-JJT, 2016 WL 3548762 (D. Ariz. June 30, 2016)..............................................................................................10, 11

*In re Adbox, Inc.*,
  488 F.3d 836 (9th Cir. 2007) ....................................................................10

*In re Smith*,
  52 B.R. 792 (Bankr. E.D. Cal. 1985)........................................................12

*Magna Pictures Corp. v. Paramount Pictures Corp.*,
  265 F. Supp. 144 (C.D. Cal. 1967) ...........................................................12

*NuCal Foods, Inc. v. Quality Egg LLC*,
  918 F. Supp. 2d 1037 (E.D. Cal. 2013).....................................................13

*Pochiro v. Prudential Ins. Co. of America*,
  827 F.2d 1246 (9th Cir. 1987) ..................................................................12

*RDF Media Ltd. v. Fox Broad. Co.*,
  372 F. Supp. 2d 556 (C.D. Cal. 2005) ........................................................9

*Roland Corp. v. Inmusicbrands, Inc.*,
  No. 2:16-cv-06256-CBM-AJWx, 2017 WL 513924 (C.D. Cal. Jan. 26, 2017) 9

*Simmons v. Navajo Cty., Ariz.*,
  609 F.3d 1011 (9th Cir. 2010) ..................................................................10

*Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*,
  334 F.Supp.3d 1031 (C.D. Cal. 2017) ......................................................13

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ....................................................................11

**Statutes**

Fed. R. Civ. P. 13(g). .......................................................................................12
Fed. R. Civ. P. 8(a) .........................................................................................10
Fed. R. Civ. P. 8(c) .........................................................................................10

## I.     INTRODUCTION

Defendant Michael Robin Nabati ("Nabati") and Relief Defendant MostCap Enterprises Corp. (collectively, "Defendants") oppose in part Plaintiffs' motion to strike affirmative defenses numbered 2-9, 11-13, and 15 and Nabati's crossclaims for equitable indemnity and violation of Penal Code §§ 632 and 637.2 (ECF 145).

First, Defendants oppose Plaintiffs' request to strike affirmative defenses 2-4 and 15 (estoppel, laches, waiver, and unclean hands) because, as Plaintiff concedes, these are recognized affirmative defenses to government enforcement actions that can be proven at trial. Motions to strike affirmative defenses should be denied unless the "questions of law are clear and settled, and ... under no circumstances could the defense prevail." *FTC v. Lights of Am. Inc.*, No. SACV 10-1333 JVS (MLGx), 2011 WL 13308569, at *1 (C.D. Cal. Apr. 29, 2011) (citing *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 263 (E.D. Cal. 1987). Moreover, it would be improper to strike these defenses based upon a supposed lack of factual specificity in the pleadings, because the specific facts constituting alleged investigative delay and misconduct are uniquely within Plaintiffs' control and must be obtained through discovery. *See, e.g., FTC v. Golden Empire Mortg., Inc.*, No. CV 09-3227 CAS (RCX), 2009 WL 4798874, at *3 (C.D. Cal. Dec. 10, 2009) (denying motion to strike estoppel, waiver, and other equitable affirmative defenses, over FTC's objection of lack of specificity, because "the legal merit of all of these arguments is better addressed on a motion for summary judgment").

Second, Defendants oppose Plaintiffs' request to strike affirmative defenses 5 and 9 (reasonable value, value/setoff). District courts have refused to strike affirmative defenses for setoff of consumer value in FTC enforcement actions. *See, e.g., Lights of Am. Inc.*, 2011 WL 13308569, at *4; *FTC v. Bronson Partners*, No. 3:04CV1866(SRU), 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006). Defendants' answer sufficiently pleads that consumers received value from at least some of the transactions at issue and that this value can be offset against a potential award of

disgorgement or other relief awarded to Plaintiffs. Thus, Plaintiffs have not met their burden of showing that "under no circumstances could the defense prevail." *Main Hurdman*, 655 F. Supp. at 263 (E.D. Cal. 1987).

Third, Defendants do not oppose Plaintiffs' request to strike affirmative defenses 6, 7, and 11 (acts of third parties, no causation, no joint and several liability) on grounds that these doctrines are defenses to liability, and not affirmative defenses. Defendants expressly preserve their right to raise these arguments as defenses to liability.

Fourth, Defendants do not oppose Plaintiffs' request to strike affirmative defenses 8, 12, and 13 (no equitable remedies; standing/authority; failure to join necessary/indispensable parties).

Finally, Nabati opposes Plaintiffs' request to strike Nabati's crossclaims for violations of the California Penal Code and equitable indemnity. Plaintiffs do not cite any binding authority or explain why Nabati's claims under California Penal Code §§ 632 and 637.2 cannot be raised in this action. Plaintiffs merely argue that because the alleged recording occurred after Plaintiffs filed their original complaint, the unlawful recording claims cannot possibly be brought in this action. However, there is no rule that a crossclaim must arise before an action is filed to be asserted. Similarly, Plaintiffs do not cite any controlling precedent that categorically forbids equitable indemnity crossclaims among co-defendants in regulatory enforcement cases. The handful of cases cited by Plaintiffs denied indemnity claims on prudential grounds, and not based on any statutory or judicial authority prohibiting such claims. Nabati respectfully requests that the Court at least defer ruling on this claim until evidence can be developed and the facts underlying the indemnity claim can be more fully presented at trial or in opposition to a motion for summary judgment.

//
//

## II. PROCEDURAL BACKGROUND

On or about September 12, 2022, Plaintiffs filed their original Complaint in this action against Defendants Green Equitable Solutions, South West Consulting Enterprises, Inc., Apex Consulting & Associates Inc., Infocom Entertainment LTD, Inc., Dominic Ahiga, and Roger Scott Dyer. Plaintiffs allege that these named parties engaged in unlawful and deceptive practices in the marketing and sale of mortgage assistance relief services in violation of the FTC Act, the MARS Rule (Regulation O), the TSR, and the CCPA, and the CCFPL. ECF 1.

On or about October 28, 2022, Plaintiffs filed their First Amended Complaint naming Nabati as a defendant in the action. ECF 43

Defendants filed an answer and crossclaims on January 5, 2023. ECF 107. Defendants asserted fifteen affirmative defenses and Nabati asserted two crossclaims. Two of Nabati's cross defendants are individual defendants already named in Plaintiffs' complaint, and two of the cross defendants are individuals who were not previously named. First, Nabati alleges that he is entitled to equitable indemnity by the individual cross defendants based on their exclusive control over the legal entities responsible for the business activities giving rise to Plaintiffs' action. Second, Nabati alleges that he is entitled to civil penalties against the individual defendants for illegally recording a telephone call with Nabati regarding the mortgage assistance relief services at issue in this action, in violation of California Penal Code §§ 632 and 637.2.

On February 1 and 3, 2023, Defendants' former counsel moved to withdraw their representation. ECF 133, 139. On February 6-8, 2023, undersigned counsel entered appearances on Nabati's and MostCap's behalf. ECF 140-141, 143-144.

## III. LEGAL STANDARD

Motions to strike affirmative defenses pursuant to Fed. R. Civ. P. 12(f) are "viewed with disfavor." *FTC v. Lights of Am. Inc.*, No. SACV 10-1333 JVS (MLGx), 2011 WL 13308569, at *1 (C.D. Cal. Apr. 29, 2011) (citing *Fed. Deposit*

*Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 263 (E.D. Cal. 1987)); *see also RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic."). Such a motion should be denied unless the "questions of law are clear and settled, and ... under no circumstances could the defense prevail." *Lights of Am. Inc.*, 2011 WL 13308569, at *1 (quoting *Main Hurdman*, 655 F. Supp. at 263); *see also Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) ("A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation."). A motion to strike cannot "be granted where resolution is dependent upon disputed questions of fact." *Lights of Am. Inc.*, 2011 WL 13308569, at *1 (quoting *Main Hurdman*, 655 F. Supp. at 263).

## IV.   ARGUMENT

**A.   Affirmative Defenses 2-4 And 15 Are Legally Viable And Should Not Be Stricken.**

In their motion, Plaintiffs concede that courts have recognized the existence of affirmative defenses for estoppel, waiver, laches, and unclean hands in government enforcement actions. *See* Mot. at 15:4-20:8. Plaintiffs argue, however, that Defendants have not specifically pled that the government engaged in the sort of "egregious and prejudicial affirmative misconduct" necessary to sustain these defenses at trial. While this might be a valid argument at trial or summary judgment, Defendants need not prove their case at the pleadings stage in order to plead these affirmative defenses.

Courts are split on whether the *Iqbal* and *Twombly* pleading standards also apply to affirmative defenses. *Roland Corp. v. Inmusicbrands, Inc.*, No. 2:16-cv-06256-CBM-AJWx, 2017 WL 513924, at *1 (C.D. Cal. Jan. 26, 2017); *Davis v. Hollywood & Ivar, LLC*, No. 221CV01235VAPJPRX, 2021 WL 4816823, at *2 (C.D. Cal. Aug. 30, 2021). The Ninth Circuit has stated that "[t]he key to

determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

Defendants respectfully contend that their affirmative defenses for estoppel, waiver, laches, and unclean hands are sufficiently pled to put Plaintiffs on notice of the defense for purposes of taking discovery and prosecuting this action. Defendants need only provide a plain statement of the nature and grounds of each affirmative defense; they need not plead "enough facts to state a claim to relief that is plausible on its face," as required by *Twombly*. *See, e.g., FTC v. Vemma Nutrition Co.*, No. CV-15-01578-PHX-JJT, 2016 WL 3548762, at *1 (D. Ariz. June 30, 2016) (ruling that defendants gave fair notice of affirmative defenses to FTC enforcement action); *FTC v. Golden Empire Mortg., Inc.*, No. CV 09-3227 CAS (RCX), 2009 WL 4798874, at *3 (C.D. Cal. Dec. 10, 2009) (denying in full motion to strike affirmative defenses despite FTC's argument that defenses were too vaguely pled: "the legal merit of all of these arguments is better addressed on a motion for summary judgment").

It is particularly unfair to hold Defendants to a high pleading standard for these affirmative defenses for two reasons. First, Defendants *must* assert these defenses in their initial answer in order to assert them at trial. Fed. R. Civ. P. 8(a) & (c); *see Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1079 (9th Cir. 2016) ("If a party seeks to assert an affirmative defense, the party 'must affirmatively state' that defense in a responsive pleading."); *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007) (a defendant's failure to raise an "affirmative defense" in his answer effects a waiver of that defense). Second, due to the confidential nature of Plaintiffs' investigations, the defenses of estoppel, laches, waiver, and unclean hands often can only be articulated after discovery into the agencies' investigations and conduct surrounding the charges at issue. Defendants should not be forced to plead affirmative defenses with factual

specificity before they have had an opportunity to obtain the discovery necessary to develop those specific facts. *See, e.g., FTC v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015) (denying motion to strike estoppel, waiver, and laches defenses: "The ultimate question of whether DirecTV can prove the elements of [the defenses] is not the issue at this stage. The FTC has notice of DirecTV's legal theory, and the answer adequately pleads facts which plausibly could support a finding in DirecTV's favor. … ").

If the Court nonetheless finds that any of the affirmative defenses pled in Defendants' answer are not factually specific enough to put Plaintiffs on notice of the defense, Defendants request leave to amend their pleadings and attempt to supply the requisite detail. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826-827 (9th Cir. 1979) (courts should freely grant leave to amend an affirmative defense absent prejudice to the opposing party); *Venma Nutrition Co.*, 2016 WL 3548762, at *1 (granting leave to amend affirmative defenses in FTC action).

B. **Affirmative Defenses 5 And 9 Are Legally Viable And Should Not Be Stricken.**

In affirmative defenses 5 and 9, Defendants allege that they had no knowledge of the allegedly unlawful mortgage assistance practices and that if they received any funds traceable to the unlawful acts or practices of other parties, they should be allowed to retain said funds. Alternatively, Defendants allege that any liability they may have to Plaintiffs should be offset by the value of services or other consideration that Defendants provided to the affected consumers.

Plaintiffs cite no binding precedent holding that these defenses for reasonable value and setoff cannot be asserted in civil enforcement actions. *See* Mot. at 12:17-13:21. In fact, several courts have explicitly refused to strike affirmative defenses for setoff of consumer value in FTC enforcement actions. *See FTC v. Lights of Am. Inc.*, No. SACV 10-1333 JVS (MLGx), 2011 WL 13308569, at *1 (C.D. Cal. Apr. 29, 2011); *FTC v. Bronson Partners*, No. 3:04CV1866(SRU), 2006 WL 197357, at

*2 (D. Conn. Jan. 25, 2006); *FTC v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2010 WL 11470103, at *13 (D. Kan. June 8, 2010).

Therefore, the Court should not strike affirmative defenses 5 or 9. Plaintiffs have not met their burden of showing that "under no circumstances could the defense[s] prevail." *Main Hurdman*, 655 F. Supp. at 263 (E.D. Cal. 1987).

### C. Nabati's Crossclaims Are Legally Viable And Should Not Be Stricken.

Crossclaims may be asserted against a co-defendant when the claim, *inter alia*, "arises out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Courts have long given crossclaims a "liberal and broad construction" when determining if they arise out of the same transaction or occurrence as the initial pleadings. *In re Smith*, 52 B.R. 792, 795 (Bankr. E.D. Cal. 1985); *see, e.g., Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1250 (9th Cir. 1987); *Magna Pictures Corp. v. Paramount Pictures Corp.*, 265 F. Supp. 144, 152-153 (C.D. Cal. 1967).

Pursuant to this broad scope for permissible crossclaims, Nabati asserted two crossclaims against two individual co-defendants and two individual third parties, for (1) violation of California statutes prohibiting non-consensual recording of telephone calls, and (2) equitable contribution.

Plaintiffs ask the Court to strike these crossclaims on two grounds. First, Plaintiffs argue that the alleged telephone recording occurred after Plaintiffs initiated this lawsuit, and the violation therefore is too attenuated to be included as a crossclaim. Second, Plaintiffs argue that courts have disallowed defendants in civil enforcement actions from filing indemnity crossclaims against one another for prudential reasons. For the following reasons, neither argument commands that the Court must strike Defendants' crossclaims here.

***California Penal Code § 362 and 637.2.*** Plaintiffs do not cite any binding authority or explain why Nabati's claims under California Penal Code §§ 632 and 637.2 cannot be raised in this action. Plaintiffs merely argue that because the alleged

recording occurred after Plaintiffs filed their original complaint, the unlawful recording claim cannot possibly be brought in this action. However, there is no rule that a crossclaim must arise before an action is filed to be asserted. Nabati's unlawful recording claim arises from the same "transaction or occurrence that is the subject matter of the original action" as Plaintiffs' complaint, which is all that is required by Rule 13(g). Nabati alleges that the cross defendants recorded a call with Nabati specifically to scapegoat Nabati "regarding various matters related to Crossclaim Defendants' mortgage assistance relief services and other matters related to the allegations in Plaintiffs' First Amended Complaint." *See* Answer ¶19. Accordingly, the crossdefendants' alleged liability specifically arises from the same "transaction or occurrence" (mortgage assistance relief services) that form the basis of Plaintiffs' complaint.

      ***Equitable Indemnity***. Under California law, joint tortfeasors who are jointly liable for a plaintiff's injury may bring claims against one another for equitable indemnity. *Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*, 334 F.Supp.3d 1031, 1049 (C.D. Cal. 2017). Although equitable indemnity claims generally require a judgment or other fixed obligation among joint tortfeasors to the plaintiff, cross-claims may be asserted among co-defendants during the pendency of litigation. *See, e.g., NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1042 (E.D. Cal. 2013) (concluding that "equitable indemnity claims may be pled in a cross-complaint before any defendant has been found liable" to the plaintiff).

      Plaintiffs claim that there is an "unbroken line of cases" stating that Rule 19(a) joinder rules cannot be invoked in an enforcement proceeding brought by an administrative agency. Mot. at 17:1-15. This argument is irrelevant. Nabati is not arguing that Plaintiffs' case must be dismissed under Rule 12(b)(7) for failure to join a party under Rule 19. Rather, Nabati is asserting a common law claim against individual co-defendants for equitable indemnity of any liabilities to Plaintiffs that

are, in fact, the fault of the cross-defendants. There is no "unbroken line of cases" holding that this crossclaim is categorically impermissible.

Plaintiffs also cite a trio of unreported district court cases that supposedly established a rule where defendants in regulatory enforcement actions cannot crossclaim against other defendants for indemnity. Mot. at 27:16-28:2. There is no such established rule. Two of Plaintiffs' citations involved district courts, in their discretion, refusing to allow Rule 14(a) impleader of third-party defendants in FTC enforcement actions. *See FTC v. Adept Mgmt., Inc.*, No. 1:16-CV-00720-CL, 2017 WL 1055959, at *3 (D. Or. Mar. 20, 2017) (in a 30-defendant case, "[w]hile it cannot be said that the [] defendants' potential third-party claims against [an attorney] are unrelated to the present action, asserting those claims at this juncture, in this case, would disadvantage the proceeding"); *FTC v. Sw. Sunsites, Inc.*, No. CV 87-6312-WMB, 1988 WL 94519, at *4 (C.D. Cal. Apr. 5, 1988) (dismissing contractual indemnity claims filed in FTC enforcement action on ripeness grounds because no breach of the contract containing indemnification provision had yet occurred). The third case similarly involved a court dismissing equitable indemnity claims on prudential grounds and not based upon any controlling statute or precedent. *FTC v. Hang-Ups Art Enterprises, Inc.*, No. CV 95-0027 RMT(JGX), 1995 WL 914179, at *2 (C.D. Cal. Sept. 27, 1995) (expressing opinion that enabling defendants in civil enforcement actions to claim for equitable indemnity would hinder FTC's ability to obtain consent orders).

Based on the lack of binding precedent foreclosing crossclaims for equitable indemnity in civil enforcement actions, Nabati respectfully asks that the Court deny Plaintiffs' motion to strike the equitable indemnity crossclaim. Alternatively, Nabati asks that the Court at least defer ruling on this issue until evidence can be developed and the facts underlying Nabati's indemnity claim can be more fully presented on summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendant Michael Robin Nabati and Relief Defendant MostCap Enterprises Corp. respectfully ask that the Court DENY Plaintiff's motion to strike affirmative defenses 2-5, 9, and 15, and DENY Plaintiffs' motion to strike Defendants' crossclaims. In the alternative, and only if the Court is prepared to strike the foregoing defenses and crossclaims, Defendants request leave to amend their complaint to cure any pleading deficiencies that may exist.

Defendants do not oppose Plaintiffs' motion to strike affirmative defenses 6-8, and 11-13.

DATED: March 3, 2023						Respectfully submitted,

								THE FREEDMAN FIRM PC

								By:	__/s/Michael G. Freedman_____
									Michael G. Freedman


								LAW OFFICE OF SARA AZARI, APC


								By:	__/s/Sara Azari_____
									Sara Azari


								*Attorneys for Defendant MICHAEL ROBIN NABATI and Relief Defendant MOSTCAP ENTERPRISES CORP.*