JAMIE JIYOON KIM, ESQ. (SBN: 271898)
LK PROFESSIONAL LAW GROUP
14730 BEACH BL SUITE 106
LA MIRADA, CA 90638
Telephone (213) 788-3588
Facsimile (213) 788-3380

Attorneys for Defendant,
ARMANDO SOLIS BARRON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION and INNOVATION,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN EQUITABLE SOLUTIONS, a corporation, also d/b/a/ also d/b/a ACADEMY HOME SERVICES and WESTWOOD ADVOCATES ET AL | Case No.: 2:22-cv-06499-FLA (MARx)<br><br>**DEFENDANT ARMANDO SOLIS BARRON'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>**Hearing Date: July 14, 2023**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6B** |

## NOTICE OF OPPOSITION TO MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Armando Solis Barron ("Solis Barron") by and through his attorney of record, Jamie Kim, hereby respectfully opposes the Plaintiff Federal Trade Commission ("FTC")'s Motion for Summary Judgment as against Defendant Armando Solis Barron.

///

///

**STATEMENT REGARDING ORAL ARGUMENT**

Defendant respectfully requests that there may be opportunity for oral argument before issuing a ruling on Plaintiff's Motion for Summary Judgment. The Plaintiffs have submitted declarations from third parties, accompanied by hundreds of exhibits in thousands of pages of corporate documents. Defendant's core defense is that Defendant was not a part of any such corporations, entities, and etc. As Defendant is limited to proving and evidencing the 'absence' of something, oral argument is likely to assist in clarifying points of disagreement or confusion in this complex record and in deciding the legal issues presented.

## TABLE OF CONTENTS


I. INTRODUCTION 4

II. LEGAL STANDARD FOR SUMMARY JUDGMENT 5

III. LEGAL ARGUMENT 6

A. Material Factual Disputes Preclude Summary Decision 6

1. Cabral's Declaration is Unreliable, Highly Irrelevant to Solis Barron, and Highly Prejudicial Against Solis Barron to be Taken into Consideration 7
2. Plaintiff's Contention that Solis Barron Was Officer, Director, Shareholder, Manager, Employee, and Agent is Not Supported by Evidence 7
3. Court Should Allow Solis Barron's Withdrawal of Admissions to Request for Admission 8

B. Summary Judgment Should be Denied, Because Solis Barron Has Asserted Meritorious Affirmative Defenses That Plaintiffs Have Not Addressed 8

C. Summary Judgment Should be Denied, Because It Violates Defendant's Due Process Rights 8

D. Amount Recoverable, If At All, is In Dispute 9

IV. CONCLUSION 9

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Amongst others, Plaintiff alleges that the numerous Defendants acted in violation of Section 5(a) of the FTC Act, 15 U.S.C. section 45(a), violation of Mortgage Assistance Relief Services Rules ("MARS Rule"), etc.

Plaintiffs may meet the burden to establish such as against the corporate defendants, but contrary to the FTC's blatant allegation, Plaintiffs fail to meet such burden as against Defendant Armando Solis Barron.

This motion is brought on nearly identical evidentiary record to the motion for preliminary injunction, but the burden here is substantially greater.

Additionally, there are "[T]he presence of at least one material factual dispute necessitates the denial of summary judgment." *Hayes v. Easterday*, 879 F. Supp. 2d 449, 453 n.2 (E.D. Pa. 2012). Here, of 50 facts that are about the Defendants, only two items, i.e. 27, 28 pertain to and Defendant Armando Solis Barron, and those so-called "facts" are genuinely disputed, and Defendant Armando Solis Barron offers pages of additional facts.

- Plaintiffs offer no admissible evidence – Let alone undisputed evidence, supporting their fundamental premise: That Defendant Armando Solis Barron violated Section 5(a) of the FTC Act, 15 U.S.C. section 45(a), and violated of Mortgage Assistance Relief Services Rules ("MARS Rule"), other than self-serving testimonies of deposition transcripts and declarations of other Defendants and other individuals, such as Ahiga, Dyer, and Vasquez who have every reason to blame everyone but themselves
- Plaintiff's principal evidence that Defendant Armando Solis Barron was a part of the Corporate Defendants is Defendant Barron's belated response to Plaintiff's Request for Admission, which is not absolute. Throughout the numerous meet and confers between the Plaintiffs' counsel and Defendant's counsel, Plaintiffs' counsel were well aware that Defendant Barron was immobile and bedridden due to his health symptoms and heavy medications, of which medical records were

provided. Inability to obtain Defendant Barron's verification on the discovery responses was the cause for the belated response, but all Request for Admissions were denied to. In fact, Plaintiffs did not rely on the 'admission' in conducting discovery. Plaintiffs in fact continued to actively conduct heavy discovery on the issues, and obtained over millions of pages in subpoenaed documents from numerous entities. From the millions of pages of corporate documents, bank documents, there was not an iota of evidence indicating Defendant Barron's involvement. Not one signature, one correspondence, not anything.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment motion is only appropriate when "there is no genuine issue as to any material fact." Fed. Rule of Civ. Pro. 56(a). An issue of fact is genuinely disputed and material if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008).

Additionally, the Court must draw all reasonable inferences in the light most favorable to the non-moving party. *Anderson*, *supra*, 477 U.S. at 255; *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007).

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Beyene v. Coleman Security Services, Inc*., 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). Unauthenticated documents cannot be considered in a motion for summary judgment. *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994).

An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

All "inferences to be drawn from the underlying facts must be viewed in the light most favorable" to Defendant Solis Barron as the nonmovant. *Polygram Holding*, 2002

WL 31433923, at *1. And because Plaintiffs "bear[] the burden of proof at trial, [they] must come forward with evidence which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial," *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992), and "establish beyond peradventure all of the essential elements of the claim," *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Moreover, the decisionmaker "may not make credibility determinations or weigh conflicting evidence." *Bator v. Hawai'i*, 39 F.3d 1021, 1026 (9th Cir. 1994). Accordingly, when the nonmovant provides declarations or other evidence that contradicts the movant's evidence, that creates a genuine issue of disputed fact, as is in this case, *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009), and "summary decision [is] inappropriate," Int'l Assoc. of Conf. Interpreters, 1995 WL 17003141, at *1 (F.T.C. Nov. 29, 1995).

## III. LEGAL ARGUMENT

### A. Material Factual Disputes Preclude Summary Decision

Plaintiffs do not even come close to meeting their burden of establishing, through undisputed evidence, that Solis Barron acted in violation of Section 5(a) of the FTC Act, 15 U.S.C. section 45(a) and Mortgage Assistance Relief Services Rules ("MARS Rule").

Plaintiffs' motion, at least as it pertains to Solis Barron, rests largely on three misplaced predicates: (1) that Solis Barron served as an officer, director, shareholder, manager, employee, and agent of Green Equitable Solutions, South West Consulting, Apex Consulting, Infocom Entertainment, Equity Relief Funding, and Advent Consulting, (2) that Solis Barron, along with all other Corporate Defendants and Individual Defendants participated directly in the violations of the law (3) that certain parts of declarations and testimonies by other Individual Defendants, deponents and declarant must be 'evidence'.

Solis Barron sets forth the overwhelming evidence that disputes and refutes Plaintiffs' assertions, and which, at the very least, creates disputed issues of fact precluding summary decision.

1. Cabral's Declaration is Unreliable, Highly Irrelevant to Solis Barron, and Highly Prejudicial Against Solis Barron to be Taken into Consideration

As an initial matter, the Motion must be denied because Solis Barron has not yet had an opportunity to confront and depose this declarant, Cabral. See *Health Rsch. Lab'ys, LLC*, 2021 WL 5711355, at *6 (F.T.C. Nov. 19, 2021) (denying summary decision because additional discovery was required to "allow [respondents] an opportunity to contest the disputed issues"); *Mueller v. CBS, Inc.*, 200 F.R.D. 242, 245-246 (W.D. Pa. 2001) (finding summary judgment "premature" because the "Defendant ha[d] not yet deposed" plaintiffs' witness).

Solis Barron disputes all references made by Cabral in connection to Solis Barron, and as such, ought to be warranted with an opportunity to examine.

2. Plaintiff's Contention that Solis Barron Was Officer, Director, Shareholder, Manager, Employee, and Agent is Not Supported by Evidence

Solis Barron disputes what Plaintiffs allege as material facts, that Solis Barron was officer, director, shareholder, manager, employee and agent.

Solis Barron has sworn testimony attesting to such.

Plaintiffs have no evidence that Solis Barron was ever any of such, other than contradicting testimonies from deponents, declarants and other defendants.

Although Plaintiff relies on the belated response to Request for Admission from Solis Barron, and attempts to argue that facts are "conclusively established" under Fed. R. Civ. P. 36(b), such is not an automatic establishment of facts to be deemed admitted.

Specifically, in *Dillon v. U.S*, 357 F. Supp. 3d 49, Court allowed the party who had inadvertently responded to discovery responses late, to withdraw the admission. The court noted that the plaintiff had not relied on the admission in conducting discovery—the parties continued to actively conduct discovery on the issue. Thus, because the rules favor resolving cases on the merits, and no undue prejudice would result, the court allowed the government to withdraw the admission, and denied the plaintiff's summary-judgment motion on the issue.

3. Court Should Allow Solis Barron's Withdrawal of Admissions to Request for Admission

Situation is exactly the same in this case in comparison to *Dillon v. U.S.* Although discovery responses were belated due to responding party's health reasons, Plaintiff had not relied on the admission in conducting discovery—In fact, Plaintiff continued to subpoena records from 40+ different entities, review documents well beyond millions of pages, and the parties continued to actively conduct discovery on the issue.

Solis Barron withdraws the admissions to all Request for Admission, and as the Court should rule favor resolving cases on the merits, rather than technicality, Court should allow Solis Barron to do so.

**B. Summary Judgment Should be Denied, Because Solis Barron Has Asserted Meritorious Affirmative Defenses That Plaintiffs Have Not Addressed**

Summary decision is further inappropriate because Solis Barron has asserted meritorious-or at the very least-affirmative defenses. Plaintiffs have not moved to strike these defenses.

Granting summary decision before Solis Barron has had an opportunity to develop and litigate its affirmative defenses would deny the right to "a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry." *Metro. Wash. Chapter, Associated Builders & Contractors, Inc. v. District of Columbia*, 2021 WL 6196989, at *7 (D.D.C. Dec. 30, 2021).

**C. Summary Judgment Should be Denied, Because It Violates Defendant's Due Process**

First, summary judgment should be denied because the FTC's procedures (or lack thereof) violate due process.

Plaintiffs have had years to develop a factual record in support of their motion, including through discovery and depositions from parties and third parties. By contrast, Solis Barron has not had any opportunity to obtain discovery or depose the declarants on which Plaintiff rely, as some of these declarations and exhibits were first introduced at the preliminary injunction on July 7, 2023.

As such, this pending Motion must be denied, to allow further discovery to proceed, provide the Defendant with an opportunity to confront the accuser, and "await development [of] a more definitive presentation of the context in which [these] issues arise." *Impax Labs.*, 2017 WL 5171124, at *10 (F.T.C. Oct. 27, 2017); see also *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 663-664 (9th Cir. 2020) (district court's grant of summary judgment was "premature and did not fairly permit development of the issues for resolution" where "no discovery ha[d] been conducted")

**D. Amount Recoverable, If At All, is In Dispute**

Even if all the evidence offered by Plaintiff is admissible, even if Defendant was involved in violation of MARs rules, etc, which is disputed, and even if liability was established, the amount recoverable is still in dispute.

Plaintiff identified, which again, is in dispute, that Solis Barron received $ 500,000.00 from a loan made to him by Michael Nabati. Exs. 18-20, Ex. 24; Dkt. 158 at 14 (The Receiver's Second Interim Report stating "the Receiver has confirmed transfers to him totaling at least $500,000.00.").

If at all, Solis Barron should only be accountable for the $ 500,000.00 he borrowed from Michael Nabati Revocable Trust.

**E. CONCLUSION**

For all the foregoing reasons, Defendant Armando Solis Barron respectfully requests that Plaintiff FTC's Motion for Summary Judgment be denied.

Dated: July 8, 2023

By: Jamie Jiyoon Kim, Esq. for Defendant
ARMANDO SOLIS BARRON