ANISHA DASGUPTA, General Counsel
MILES D. FREEMAN, Cal. Bar No. 299302
mfreeman@ftc.gov
KARINA A. LAYUGAN, Cal. Bar No. 302049
klayugan@ftc.gov
CARLA L. CHEUNG, Cal. Bar No. 291562
ccheung1@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for Plaintiff Federal Trade Commission*

CLOTHILDE V. HEWLETT, Commissioner
MARY ANN SMITH, Deputy Commissioner
SEAN M. ROONEY, Assistant Chief Counsel
TAYLOR STEINBACHER, Cal. Bar No. 285335
Taylor.Steinbacher@dfpi.ca.gov
LOUIS LAVERONE, Cal. Bar No. 296990
Louis.Laverone@dfpi.ca.gov
California Department of Financial Protection & Innovation
320 West 4th Street, Suite 750
Los Angeles, CA 90013
Tel: (213) 576-7500
Fax: (213) 576-7181

*Attorneys for Plaintiff California Department of Financial Protection & Innovation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN EQUITABLE SOLUTIONS, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-6499-FLA-MAR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:** August 18, 2023<br>**Time:** 1:30 PM<br>**Place:** Courtroom 6B |

## TABLE OF CONTENTS


I. NO GENUINE DISPUTES OF MATERIAL FACT EXIST TO PREVENT THE ENTRY OF SUMMARY JUDGMENT .......... 1

A. Plaintiffs Have Met Their Burden & Solis Barron's Self-Serving Declaration Cannot Preclude Summary Judgment .......... 1

B. Solis Barron's Objections To The Cabral Declaration Are Meritless .......... 5

C. Solis Barron Should Not Be Permitted To Withdraw The Admissions He Has Made .......... 7

D. There is No Genuine Dispute of Material Fact Regarding Monetary Relief 9

II. SOLIS BARRON FAILS TO SHOW THAT ANY AFFIRMATIVE DEFENSES PRECLUDE SUMMARY JUDGMENT .......... 10

III. SOLIS BARRON'S FAILURE TO SERVE DISCOVERY DOES NOT VIOLATE DUE PROCESS AND CANNOT PRECLUDE SUMMARY JUDGMENT .......... 11

IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Cases**

*Aeros Aeronautical Systems Corp. v. United States*, 2016 WL 10516020 (C.D. Cal. June 20, 2016) ........ 12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........ 1

*Beattie v. Haleen*, 2021 WL 1300395 (C.D. Cal. Mar. 2, 2021), *report and recommendation adopted* 2021 WL 1299188 (C.D. Cal. Apr. 7, 2021) ........ 2

*Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151 (9th Cir. 2001) ........ 7, 14

*Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007) ........ 9

*Consumer Financial Protection Bureau v. Gordon,* 819 F.3d 1179 (9th Cir. 2016) ........ 3, 4

*Dillon v. United States*, 357 F. Supp 3d 49 (D. Mass 2019) ........ 8

*Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir. 1977) ........ 7

*FTC v. Am. Home Servicing Center, LLC*, 2019 WL 7171733 (C.D. Cal. Dec. 5, 2019) ........ 11

*FTC v. Grant Connect, LLC*, 763 F.3d 1094 (9th Cir. 2014) ........ 13

*FTC v. Loss Mitigation Services*, 2010 WL 11519447 (C.D. Cal. Feb. 17, 2010) . 13

*FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168 (9th Cir. 1997) ........ 3, 5

*In re Fu,* 739 Fed. Appx. 432 (9th Cir. 2018) ........ 7, 14

*In the Matter of Impax Laboratories,* 2017 WL 5171124 (F.T.C.) ........ 15

*Inteliclear, LLC v. ETC Global Holdings, Inc.,* 978 F.3d 653 (9th Cir. 2020). ........ 15

*Mueller v. CBS, Inc.*, 200 F.R.D. 242 (W.D. Pa. 2001) ........ 8

*Salinas v. Cornwell Quality Tools Co.*, 2022 WL 16735357 (C.D. Cal. Sept. 29, 2022) ........ 2, 3

*SEC v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 F. App'x 183 (9th Cir. 2008) ........ 10

*Zorikova v. Kineticflix, LLC*, 2022 WL 1266662 (C.D. Cal. 28, 2022) ........ 12

**Statutes**

28 U.S.C. § 1746 .......... 2

**Rules**

Fed. R. Civ. P. 36. .......... 9
Fed. R. Civ. P. 56. .......... 2
L.R. 1-4 .......... 2

# I. NO GENUINE DISPUTES OF MATERIAL FACT EXIST TO PREVENT THE ENTRY OF SUMMARY JUDGMENT

## A. Plaintiffs Have Met Their Burden & Solis Barron's Self-Serving Declaration Cannot Preclude Summary Judgment

In their Motion for Summary Judgment ("Motion"), Plaintiffs submitted evidence establishing that no genuine disputes of material fact exist that would require a trial in this matter. Dkt. 184. Plaintiffs' evidence included, for example, a detailed declaration from a former employee of the Corporate Defendants, deposition testimony from two of the four Individual Defendants and a different former employee, messages exchanged between the Individual Defendants, and business records created by the Defendants in connection with the operation of their sham companies. *See* Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law ("SUF") (Dkt. 185) & Declaration of Luis Solares ("Solares Decl.") (Dkt. 186). In light of this showing, Plaintiffs have met their summary judgment burden, thus shifting the burden to Defendants to show whether a genuine dispute of material fact exists that would warrant a trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Solis Barron opposes Plaintiffs' Motion but advances no legitimate reason as to why summary judgment should not be entered against him.[1] Dkt. 216. Solis Barron does not dispute the wrongful conduct of the Corporate Defendants or the other Individual Defendants; rather, he alleges that he was not personally involved in any of that conduct. But the only evidence Solis Barron's submits in opposition to the Motion is his own self-serving declaration ("Solis Barron Decl."). *See* Dkt. 217-1. However, as explained below, this declaration cannot create a genuine dispute of material fact for several reasons.

---

[1] Defendants Dominic Ahiga, Roger Scott Dyer, and Michael Robin Nabati, and Relief Defendant MostCap Enterprises Corp did not oppose Plaintiffs' Motion and thus conceded that no genuine dispute of material fact exists.

### *1. Solis Barron's Declaration Is Not Executed In Compliance With Federal Law*

First, Solis Barron's unsworn declaration is not properly executed and, therefore, cannot support his claim that disputes of material fact exist. "An affidavit or declaration used to . . . oppose a motion must . . . set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4). Unsworn declarations are admissible only if the declarant attests that the statements in the declaration are "true under penalty of perjury, and dated, in substantially the following form: . . . If executed within the United States, . . .: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746(b); *see also* L.R. 1-4(b) (defining declarations as "any declaration under penalty of perjury executed in conformance with 28 U.S.C. § 1746").

A court need not consider a declaration submitted in opposition to a summary judgment motion that does not comply with 28 U.S.C. § 1746. *See Salinas v. Cornwell Quality Tools Co.*, 2022 WL 16735357, at *5 (C.D. Cal. Sept. 29, 2022) (Aenlle-Rocha, J.) (expert declaration submitted in opposition to summary judgment motion that does not meet the requirements of 28 U.S.C. § 1746 "cannot be considered by the court[.]"); *see also Beattie v. Haleen*, 2021 WL 1300395, at *5 (C.D. Cal. Mar. 2, 2021), *report and recommendation adopted* 2021 WL 1299188 (C.D. Cal. Apr. 7, 2021) (declining to consider three declarations submitted in opposition to summary judgment that failed to comply with 28 U.S.C. § 1746).

Here, Solis Barron does not attest that the statements in his declaration are true under penalty of perjury, and thus his declaration fails to comply with 28 U.S.C. § 1746. *See generally*, Solis Barron Decl. Accordingly, Solis Barron's declaration is "incompetent to raise a fact issue precluding summary judgment"

and the Court need not consider it. *See Salinas*, 2022 WL 16735357, at *5 (citing *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306-07 (5th Cir. 1988)).

*2. Solis Barron's Self-Serving Declaration Fails To Raise Any Genuine Issue Of Material Fact*

Second, even if Solis Barron's declaration could be considered, his declaration consists merely of naked disavowals of liability that are unsupported by documentary evidence. Thus, as the Ninth Circuit explained, his declaration "is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

The Ninth Circuit's decision in *Consumer Financial Protection Bureau v. Gordon* is directly on point. In *Gordon*, the defendant operated a "home loan modification" program where he and his associates promised to help consumers renegotiate their mortgage rates and payments. 819 F.3d 1179, 1185 (9th Cir. 2016). The CFPB sued Gordon alleging violations of, among other things, the MARS Rule. *Id.* at 1187. The CFPB moved for summary judgment against Gordon, noting that deposition testimony from Gordon's co-defendant and former employees, along with documentary evidence, established that he had personally participated in the violations of law. *Id.* at 1193. Gordon opposed the motion by submitting a declaration "in which he state[d] that he had no control over marketing, was not responsible for representations made by sales personnel, and had no authority to approve or reject mailers." *Id.* at 1194. But the district court and Ninth Circuit rejected this declaration and found that it could not preclude summary judgment from being entered against him. *Id.*

This case presents the same fact pattern. Plaintiffs have introduced deposition testimony from Solis Barron's co-defendants and former employees, along with documentary evidence, establishing that Solis Barron personally participated in the violations of law. *See* Motion at 17-18. In opposing Plaintiffs' Motion, the only evidence mustered by Solis Barron is a self-serving declaration in

which he disavows liability. And, as noted in Plaintiffs' Motion, Solis Barron asserted in discovery that he possesses *no documents* to rebut Plaintiffs' claims relating to the work that he now admits he performed for the Corporate Defendants. *See* Motion at 6; *see also* Solares Decl., ¶ 56 & Ex. 76 (Solis Barron's Responses to Requests for Production). Thus, his self-serving, unsupported declaration cannot be used to prevent the entry of summary judgment. *See Gordon*, 819 F.3d at 1194; *Publ'g Clearing House*, 104 F.3d at 1171.

*3. Solis Barron's Declaration Supports Plaintiffs' Claims*

Third, even if Solis Barron's declaration was admissible, it contains several admissions that actually *support* Plaintiffs' claims. For example, Solis Barron admits to having worked with his co-defendant Michael Nabati ("Nabati"), at the office of the Corporate Defendants, on a "real estate and loans" business. *See* Solis Barron Decl., ¶¶ 2, 4-5, 10. Solis Barron also admits that Nabati "often introduced" him to others as "Solomon." *Id.*, ¶ 5. These admissions are consistent with the testimony of Solis Barron's co-defendants and other witnesses that Solis Barron regularly worked with Nabati at the offices of the Corporate Defendants and personally participated in the violations of law. *See, e.g.*, SUF 61, 74, 76, 86, 114, 127.

Solis Barron also attaches a partial bank statement dated October 31, 2021 to his declaration. *See* Solis Barron Decl., ¶ 14 & Ex. 3. Tellingly, the bank statement shows that Solis Barron made 12 cash deposits of at least $7,000 but less than $10,000 into the same ATM between October 1, 2021 and October 18, 2021. Solis Barron admits that he was working with Nabati from "sometime around mid-2020" through the end of 2021. *Id.*, ¶¶ 2, 17. This evidence further supports Plaintiffs' claim that Solis Barron regularly received cash payments relating to Defendants' scam. *See* Motion at 4 (citing SUF 48 & 49). Thus, even if the Court were to consider Solis Barron's declaration, the document itself contains admissions that further support Plaintiffs' Motion.

*4. The Court Previously Held That A Substantively Identical Version Of Solis Barron's Declaration Was Insufficient To Create A Genuine Issue Of Material Fact*

Fourth, Solis Barron's declaration appears to be essentially identical to the declaration he submitted in connection with his Opposition to Plaintiffs' Motion to Extend the Preliminary Injunction. *Compare* Dkt. 209 *with* Dkt. 217-1. The Court has already held, with respect to the previous declaration, that "Solis Barron's untimely, self-serving declaration is not sufficient to establish the existence of genuine disputes of material fact." Dkt. 210 at 5 n.1. Solis Barron's Opposition does not address this prior ruling and fails to provide any basis under which the Court should reconsider it. And nothing about the minor differences between the two declarations provides any basis to suggest that Solis Barron's declaration now raises a genuine issue of material fact with respect to the Motion.

In sum, Plaintiffs have met their summary judgment burden and, because Solis Barron failed to meet his burden of showing that a genuine dispute of material fact exists, the Court should grant Plaintiffs' Motion.

**B. Solis Barron's Objections To The Cabral Declaration Are Meritless**

In support of their Motion, Plaintiffs introduced a declaration from Alessandra Cabral ("Cabral"), a former employee of the Corporate Defendants. *See* Dkt. 185-2. Cabral declares, among other things, that Solis Barron was one of four individuals who managed the Corporate Defendants and that he "was responsible for determining what kinds of offers the Sales representatives could present" and that he "would also instruct employees on the Submissions team as to whether or not offers made by mortgage companies and/or servicers were good enough to relay to consumers." *Id.*, ¶ 11. She also identifies Solis Barron as using the alias "Solomon." *Id.*; *see also* Dkt. 188-1 (second declaration from Cabral associating a picture of Solis Barron with his alias "Solomon"). She also recounts

instances in which Solis Barron gave her specific instructions on how to perform her work for the Corporate Defendants. *Id.*, ¶¶ 35-36.

In his Opposition, Solis Barron objects to Cabral's declaration as "unreliable, highly irrelevant to Solis Barron, and highly prejudicial against Solis Barron" but provides no explanation for his position. Dkt. 216 at 7. Cabral's declaration is plainly relevant as it bears directly on a central issue in this case (*i.e.,* Solis Barron's participation in the violations of law). Cabral's declaration is also reliable as it is detailed, supported by documentary evidence, and submitted under penalty of perjury. And the mere fact that it supports Plaintiffs assertions and contradicts Solis Barron's declaration is not a basis to ignore it as unduly "prejudicial." *See Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party."). Thus, there is no merit to Solis Barron's objections to Cabral's declaration.

Solis Barron also objects to Cabral's declaration on the grounds that he "has not yet had an opportunity to confront and depose this declarant" (Opposition at 7), but that is false. Plaintiffs first disclosed Cabral as a potential witness to Solis Barron on January 13, 2023 when they served their Initial Disclosures. Declaration of Miles D. Freeman ("Freeman Decl."), ¶¶ 3 & 4, Exs. 1 & 2. Moreover, on March 10, 2023, Plaintiffs produced to Solis Barron both declarations executed by Cabral, along with all of the documents she had provided to Plaintiffs in support of her claims. *Id.*, ¶ 5. Solis Barron has had more than six months since Plaintiffs identified Cabral as a witness to depose her yet has not done so. *Id.*, ¶ 6. Indeed, even since receiving Plaintiffs' Motion and filing his Opposition, Solis Barron *still* has neither sought to depose Cabral nor issued a subpoena to her. As the Ninth Circuit explained, a party that has "failed diligently to pursue discovery" cannot use that lack of diligence as grounds to avoid summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th

Cir. 2001); *In re Fu,* 739 Fed. Appx. 432, 434 (9th Cir. 2018) (affirming summary judgment where party did not conduct discovery in the months before the summary judgment motion was filed).[2]

**C. Solis Barron Should Not Be Permitted To Withdraw The Admissions He Has Made**

In their Motion, Plaintiffs pointed out that, by failing to serve timely responses to their Requests for Admission, Solis Barron admitted that he served as an officer, director, shareholder, manager, employee, and agent of each of the Corporate Defendants. *See* Motion at 17-18. In his Opposition, Solis Barron admits that he did not serve responses to Plaintiffs' Requests for Admission by the deadline and thus admitted these matters. Opposition at 7-8. Nonetheless, Solis Barron now asks the Court to permit him to withdraw these admissions.[3]

The Court should not permit Solis Barron to withdraw his admissions at this late date. As set forth in the Motion, Solis Barron's failure to respond to Plaintiffs' Requests for Admission deems those requests admitted pursuant to Federal Rule of Civil Procedure 36. Motion at 17, 18 n.4. Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or

---

[2] Solis Barron citation to *Mueller v. CBS, Inc.*, 200 F.R.D. 242 (W.D. Pa. 2001) is inapposite. In *Mueller*, the court held that motions for summary judgment filed in that case, which sought to resolve questions of liability in a class action lawsuit, were "premature because, by agreement of the parties, discovery . . . proceeded only to questions related to class certification." *Id*. at 244. But here there is no limitation on discovery that has prevented Solis Barron from deposing Cabral.

[3] Solis Barron's reliance on *Dillon v. United States*, 357 F. Supp 3d 49 (D. Mass 2019) is misplaced. *See* Opposition at 7-8. In *Dillon*, the court granted the government's motion to withdraw admissions made after it "inadvertently failed to respond" to the Dillion's requests for admission. *Dillion*, 357 F. Supp. 3d at 55. But here, Solis Barron made the conscious choice *not* to respond to Plaintiffs' requests by the deadline and also, thereafter, waited until his opposition brief to request that the admissions be withdrawn. Thus, *Dillion* is inapposite.

amendment of the admission." Fed. R. Civ. P. 36(b).

Rule 36(b) permits, but does not require, the Court to allow a party to withdraw admissions where "(1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Withdrawal under Rule 36 is permissive, not mandatory, and even where the Court finds that both factors are met, the Court may still deny withdrawal where the moving party fails to "show good cause for the delay" in seeking withdrawal. *Id.* at 626.

Here, Solis Barron has not shown good cause for his delay in seeking withdrawal of the admissions. Plaintiffs served the requests for admission in December 2022 and Solis Barron, despite being represented by counsel, failed to respond to the requests for over two months. SUF 51, 53, 58, 66. On at least three occasions, Plaintiffs advised Solis Barron that he admitted the matters set forth in Plaintiffs' requests and that his untimely responses could not serve to withdraw the admissions. Freeman Decl., ¶¶ 7-9, Exs. 3, 4, & 5. In the months since Plaintiffs advised Solis Barron of the consequences of not responding to the requests for admission, Solis Barron took no action to effectuate a withdrawal. After months of inaction, finally, *five days* before the originally scheduled hearing on Plaintiffs' Motion for Summary Judgment did Solis Barron make a request to withdraw the admissions. The Court should not permit withdrawal under such circumstances. *See Conlon*, 474 F.3d at 625 (affirming district court's denial of withdrawal where the party seeking withdrawal "had fair warning of the consequences of his noncompliance" and waited until the government filed a motion for summary judgment to seek withdrawal); *SEC v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 F. App'x 183, 191 (9th Cir. 2008) (same where defendant "did

not have good cause for delay" in seeking withdrawal).[4]

**D. There is No Genuine Dispute of Material Fact Regarding Monetary Relief**

In their Motion, Plaintiffs asked the Court to order Defendants to pay approximately $15.8 million in restitution and $3 million in civil penalties. Motion at 22. In support of this request, Plaintiffs presented evidence establishing that Defendants cashed $8,123,804.65 in consumer checks and received $7,767,732.32 in consumer funds via electronic transfer. *See* Solares Decl., ¶ 81; Declaration of Roshni Agarwal (Dkt. 185-3), ¶ 10.

In his Opposition, Solis Barron does not challenge the validity of these calculations. Instead, Solis Barron asserts that "even if Defendant was involved in [sic] violation of [sic] MARs rules, etc, which is disputed, and even if liability was established, the amount recoverable is still in dispute" because "Solis Barron should only be accountable for the $500,000.00 he borrowed from the Michael Nabati Revocable Trust." Opposition at 9. But Solis Barron does not explain why, if he is found liable for the violations of law, his individual liability should be limited to $500,000. Nor does he cite any legal authority that would limit his monetary liability to only the funds that he received from another defendant.

Rather, the law is just the opposite. The Ninth Circuit has held that "defendants held jointly and severally liable for payment of restitution are liable for unjust gains the defendants *collectively* received, even if that amount excess what any one defendant pocketed from the unlawful scheme." *FTC v. Am. Home*

---

[4] While Plaintiffs contend that Solis Barron should not be permitted to withdraw his admissions for the reasons set forth above, to the extent the Court, in its discretion, permits withdrawal, Plaintiffs respectfully submit that they have still met their summary judgment burden as to Solis Barron through the admissions made during the depositions of Solis Barron's co-defendants and the documentary evidence highlighted in Plaintiffs' Motion. *See* Motion at 17-18.

*Servicing Center, LLC*, 2019 WL 7171733, at *12 (C.D. Cal. Dec. 5, 2019) (emphasis in original and quoting *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 603 (9th Cir. 2016), *abrogated on other grounds by AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021)). Solis Barron articulates no basis to limit his monetary liability to a single loan he received from a co-defendant, particularly where, as here, Plaintiffs presented evidence that Solis Barron received significant cash payments from the scheme. *See e.g.,* Solares Decl., ¶ 44 & Ex. 52 (text messages between Dyer and Solis Barron regarding delivery of envelopes of cash to Solis Barron in the City of Fullerton, which is a short distance to Solis Barron's La Habra home at the time); *Id.*, ¶ 47 & Ex. 53 (photograph of envelope of cash that Dyer delivered to Solis Barron).[5] Thus, the Court should reject Solis Barron's request to limit his monetary liability and hold him jointly and severally liable.

## II. SOLIS BARRON FAILS TO SHOW THAT ANY AFFIRMATIVE DEFENSES PRECLUDE SUMMARY JUDGMENT

Solis Barron argues that summary judgment cannot be granted because he "has asserted meritorious-or at the very least-affirmative defenses." Opposition at 8. Initially, it is unclear what "defenses" Solis Barron is referring to here as the Opposition does not identify any in particular. Assuming, for the sake of argument, that Solis Barron is referring to the three affirmative defenses alleged in his Amended Answer (Dkt. 84 at 16-17), his argument fails.

Solis Barron, not Plaintiffs, bears the summary judgment burden of showing that he has an affirmative defense to Plaintiffs' claims and presenting evidence establishing such a defense. *Aeros Aeronautical Systems Corp. v. United States*, 2016 WL 10516020, at *7 (C.D. Cal. June 20, 2016) ("The burden to prove these affirmative defenses at trial is on Defendant; thus, at the summary judgment stage,

---

[5] Additional evidence that Solis Barron received significant cash payments was submitted in support of Plaintiffs' Motion to Extend the Preliminary Injunction Order. *See* Dkts. 201-18 to 201-20.

Plaintiff may simply point to an absence of evidence supporting the affirmative defenses."); *Zorikova v. Kineticflix, LLC*, 2022 WL 1266662, at *3 (C.D. Cal. 28, 2022) ("As Kineticflix would bear the burden of demonstrating this affirmative defense at trial, it likewise bears the burden of establishing it at summary judgment."). Solis Barron's Opposition does not identify *any* evidence in support of *any* of his affirmative defenses and thus he has failed to meet his summary judgment burden.[6]

Furthermore, even if Solis Barron attempted to make this showing, it is clear that his three affirmative defenses lack merit. The first affirmative defense—failure to state a claim—is inapplicable as "failure to state a claim is not an affirmative defense" and "is not a defense that will defeat the plaintiff's case even where the plaintiff has stated a prima facie case for recovery." *FTC v. Loss Mitigation Services*, 2010 WL 11519447, at *2 (C.D. Cal. Feb. 17, 2010). The second and third affirmative defenses—"innocent intent" and "reasonableness and good faith"—are not valid defenses. None of the causes of action at issue in this case require Plaintiffs to prove that Solis Barron's conduct was done in bad faith or with a particular intent. Indeed, Ninth Circuit law directly contradicts such a claim. *See FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014) ("The FTC need not show that a defendant intended to defraud consumers in order for that individual to be personally liable.").

Thus, Solis Barron's alleged defenses cannot preclude summary judgment.

## III. SOLIS BARRON'S FAILURE TO SERVE DISCOVERY DOES NOT VIOLATE DUE PROCESS AND CANNOT PRECLUDE SUMMARY JUDGMENT

---

[6] Solis Barron's responses to Plaintiffs' interrogatories regarding his defenses likewise fail to cite any evidence or offer any facts in support of his defenses. *See* Solares Decl., ¶ 56 & Ex. 77.

Finally, Solis Barron argues that it would "violate due process" to grant summary judgment because he "has not had any opportunity to obtain discovery or depose the declarants on which [sic] Plaintiff rely, as some of these declarations and exhibits were first introduced at the preliminary injunction on July 7, 2023." Opposition at 8-9. This argument fails for several reasons.

Initially, Solis Barron is incorrect in asserting that "declarations and exhibits were first introduced . . . on July 7, 2023." All seventeen of the consumer declarations submitted with Plaintiffs' Motion were publicly filed with the Court nearly a year ago when Plaintiffs filed their Application for Temporary Restraining Order in September 2022. *Compare* Dkts. 13-16 *with* Dkts. 185-4 – 185-20. As to the remaining fact declarants Alessandra Cabral, Roshni Agarwal, and Luis Solares, all three were listed as witnesses in Plaintiffs' Initial Disclosures, which were served over six months ago, on January 13, 2023. Freeman Decl., ¶¶ 3 & 4, Exs. 1 & 2. Plaintiffs also produced both declarations from Cabral to Solis Barron on March 10, 2023. Freeman Decl., ¶ 5. Thus, contrary to his claims, Solis Barron has been in possession of the evidence supporting Plaintiffs' Motion for months.

Despite being in possession of this evidence, Solis Barron has not served any discovery requests, has not noticed any depositions, and has not served any subpoenas. Freeman Decl., ¶ 6. Discovery in this matter has been open for seven months and, by the time this Motion is heard, there will be less than five weeks left in discovery. *See* Dkt. 119 at 3. Yet Solis Barron has made no effort to pursue the discovery he now claims to need. Solis Barron's lack of diligence and failure to specify what, specifically, he would seek to discover cannot preclude summary judgment. *See e.g., Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001) (affirming grant of summary judgment and holding "[g]iven that T.A.B. failed diligently to pursue discovery, and makes no showing that evidence actually exists which would change the result below, we see no abuse of discretion in the district court's failure to grant additional time to conduct discovery."); *In re Fu*,

739 F. App'x 432, 434 (9th Cir. 2018) (affirming summary judgment where party did not conduct discovery in the months before the summary judgment motion was filed).[7]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter summary judgment.

Dated: July 21, 2023

Respectfully submitted,

*/s/ Miles D. Freeman*
MILES D. FREEMAN
mfreeman@ftc.gov
KARINA A. LAYUGAN
klayugan@ftc.gov
CARLA L. CHEUNG
ccheung1@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for Plaintiff Federal Trade Commission*

*/s/ Louis Laverone*
TAYLOR STEINBACHER
Taylor.Steinbacher@dfpi.ca.gov
LOUIS LAVERONE
Louis.Laverone@dfpi.ca.gov
California Department of Financial Protection & Innovation
320 West 4th Street, Suite 750
Los Angeles, CA 90013
Tel: (213) 576-7500
Fax: (213) 576-7181

*Attorneys for Plaintiff California Department of Financial Protection & Innovation*

---

[7] Solis Barron cites two cases—*Impax Laboratories* & *Inteliclear, LLC v. ETC Global Holdings, Inc.*—in support of his assertion that "this pending Motion must be denied" due to his failure to conduct discovery, but neither case supports this claim. Opposition at 9. *Impax Laboratories* involved antitrust claims against two pharmaceutical companies that were being adjudicated as part of an administrative proceeding before the Federal Trade Commission. 2017 WL 5171124, at *1. There, the Commission denied summary adjudication where the respondents raised complex and novel legal issues related to the appropriate antitrust framework. *Id.,* at *10. At no point did the Commission suggest that it was denying summary judgment because further discovery was needed. In *Inteliclear*, the Ninth Circuit reversed a grant of summary judgment where the defendant had sought summary judgment "the day after the initiation of discovery" and, thus, the plaintiff had no chance at all to conduct discovery on their claims. 978 F.3d 653, 664 (9th Cir. 2020). By contrast, Solis Barron has had nearly all of the discovery period—more than seven months—to develop evidence to support his defenses, yet has chosen not to pursue that evidence.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record for Plaintiff Federal Trade Commission, certifies that this brief contains 4,194 words, which complies with the word limit of Local Rule 11-6.1.

Dated: July 21, 2023

Respectfully submitted,

*/s/ Miles D. Freeman*

MILES D. FREEMAN
mfreeman@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorney for Plaintiff Federal Trade Commission*

## FILER'S ATTESTATION OF CONCURRENCE

Pursuant to Local Rule 5-4.3.4(a)(2), I, Miles D. Freeman, attest that all other signatories concur in the content of the foregoing document and authorize its filing.

Dated: July 21, 2023

Respectfully submitted,

*/s/ Miles D. Freeman*

MILES D. FREEMAN
mfreeman@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorney for Plaintiff Federal Trade Commission*